UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

DANIEL GEORGE DANIELSON

                                                 PRISONER

    v.                                  Case No.  3:04cv354(SRU)(WIG)

MARIO LOPEZ, et al.[1]

RULING ON MOTION FOR SUMMARY JUDGMENT

George Daniel Danielson was confined at Webster Correctional Institution in Cheshire, Connecticut when he filed this civil rights action pursuant to 28 U.S.C. § 1915.  He now resides in Bridgeport, Connecticut.  He alleges that on March 10, 2001, the defendants arrested him without probable cause on charges of sexual assault in the first degree, risk of injury to a minor and assault in the third degree.  Pending before the court is the defendants' motion for summary judgment.  For the reasons set forth below, the motion is granted.

I.      Standard of Review

"The trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are genuine issues of material fact to be tried, not to deciding them.  Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution."  Gallo v. Prudential Residential Servs. Ltd. P'ship, 22 F.3d 1219, 1224 (2d Cir. 1994).  The burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Marvel Characters, Inc. v. Simon,

---

[1] The named defendants are Police Officer Mario Lopez, Police Officer Grisselle Bencosme and Sergeant McCullough.

310 F.3d 280, 286 (2d Cir. 2002) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 157

(1970)).  Not all factual disputes are material.  The court considers the substantive law governing

the case in order to identify which facts are material.  "[O]nly disputes over facts that might

affect the outcome of the suit under the governing law will properly preclude the entry of

summary judgment."  Anderson, 477 U.S. at 248.

A court must grant summary judgment "'if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with affidavits, if any, show that there is no

genuine issue as to any material fact . . . .'"  Miner v. Glen Falls, 999 F.2d 655, 661 (2d Cir.

1993) (citation omitted).  An asserted dispute over a material fact is considered "genuine," so as

to defeat the motion for summary judgment, "if the evidence is such that a reasonable jury could

return a verdict for the non-moving party."  McCarthy v. American Int'l Group, Inc., 283 F.3d

121, 124 (2d Cir. 2002).

Even though the burden is on the moving party to demonstrate the absence of any genuine

factual dispute, the party opposing summary judgment "may not rest upon mere conclusory

allegations or denials, but must bring forward some affirmative indication that his version of

relevant events is not fanciful."  Podell v. Citicorp Diners Club, Inc., 112 F.3d 98, 101 (2d Cir.

1997) (internal quotation marks and citations omitted).  It "'must do more than simply show that

there is some metaphysical doubt as to the material facts.'"  Caldarola v. Calabrese, 298 F.3d

156, 160 (2d Cir. 2002) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S.

574, 586 (1986)).  The non-moving party "may not rely on conclusory allegations or

unsubstantiated speculation."  Fujitsu Ltd. v. Federal Express Corp., 247 F.3d 423, 428 (2d Cir.

2002) (internal quotation marks and citation omitted).  Instead, the non-moving party must

produce admissible evidence that supports its pleadings.  See First Nat'l Bank of Ariz. v. Cities

Serv. Co., 391 U.S. 253, 289-90 (1968).  A "'mere existence of a scintilla of evidence'

supporting the non-movant's case is also insufficient to defeat summary judgment."  Niagara

Mohawk Power Corp. v. Jones Chem., Inc., 315 F.3d 171, 175 (2d Cir. 2003) (quoting Anderson,

477 U.S. at 252).

        In reviewing a motion for summary judgment the court resolves all ambiguities and draws

all inferences in favor of the nonmoving party.  See Niagara Mohawk, 315 F.3d at 175.  Thus,

"[o]nly when reasonable minds could not differ as to the import of the evidence is summary

judgment proper."  Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849

(1991).  See also Suburban Propane v. Proctor Gas, Inc., 953 F.2d 780, 788 (2d Cir. 1992).

Where one party is proceeding pro se, the court reads the pro se party's papers liberally and

interprets them to raise the strongest arguments they suggest.  See Burgos v. Hopkins, 14 F.3d

787, 790 (2d Cir. 1994).  Despite this liberal interpretation, however, a "bald assertion,"

unsupported by evidence, cannot overcome a properly supported motion for summary judgment.

Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991).  A motion for summary judgment cannot be

defeated "merely . . . on the basis of conjecture or surmise."  Trans Sport, Inc. v. Starter

Sportswear, Inc., 964 F.2d 186, 188 (2d Cir. 1992) (citation and internal quotation marks

omitted).

II.      Facts[2]

On March 10, 2001, Latrenda Dixon called the Bridgeport Police Department and

reported that Danielson, who was the father of one of her children, had assaulted her.   Bridgeport

Police Officers Mario Lopez and Grisselle Bencosme responded to the call at Dixon's apartment,

675 Central Avenue, Apartment 20, Bridgeport, Connecticut.   At the apartment, Dixon reported

that Danielson had tried to choke her.   Danielson does not dispute the fact that he grabbed Dixon

around the neck during an argument that morning Officers Lopez and Bencosme observed

redness on Dixon's neck and chest and redness on the forehead of the child Dixon had been

holding when the assault occurred.   They arrested Danielson and charged him with Sexual

Assault in the First Degree, Risk of Injury to a Minor, Assault in the Third Degree and

Threatening.

Officers Lopez and Bencosme prepared an incident report later that day.   The officers

reported that Dixon had informed them that Danielson had sexually assaulted her in the very

early morning hours of March 10, 2001, and later that morning had assaulted her.   In addition,

Danielson's son had been struck and knocked to the floor during the second assault.   In

December 2002, Dixon wrote a letter to the Department of Correction concerning Danielson's

---

[2] The facts are taken from defendants' Local Rule 56(a)1 Statement [doc. #11-1] and the exhibits attached to the Statement.  The defendants filed their motion for summary judgment on February 28, 2005.  On March 8, 2005, the court provided the plaintiff with notice of his obligation to respond to the motion and of the contents of a proper response.  In response the plaintiff has filed a memorandum with exhibits attached, but has not attached a Local Rule 56(a)2 Statement to his memorandum.  Because the plaintiff has not submitted a Local Rule 56(a)2 Statement, the facts in the defendants Local Rule 56(a)1 Statement are deemed admitted. See D. Conn. L. Civ. R. 56(a)1 ("All material facts set forth in said statement will be deemed admitted unless controverted by the statement required to be served by the opposing party in accordance with Rule 56(a)2.").

classification level and stated that she had never informed the arresting officers that Danielson

had forced her to have sex and that the officers fabricated the facts concerning the allegations of

sexual assault against Danielson.

On March 10, 2001, Sergeant McCullough was responsible for overseeing the Booking

Area of the Bridgeport Police Department.  On September 24, 2002, Danielson pleaded guilty to

two counts of Assault in the Third Degree and one count of Threatening in the Second Degree.

The court sentenced Danielson to a total effective sentence of one year of imprisonment.

 III.   Discussion

The defendants move for summary judgment in this false arrest case on three grounds.

They contend that: (1) Danielson has failed to state a claim under the Fourth Amendment

because he pleaded guilty to a lesser offense pursuant to a plea agreement; (2) probable cause

supported the arrest of Danielson; and (3) they are entitled to qualified immunity.

The defendants argue that Danielson's plea of guilty to the lesser offenses of Assault in

the Third Degree and Threatening in the Second Degree preclude his Fourth Amendment false

arrest claim.  Danielson does not address this argument.

A plaintiff may not recover under section 1983 for claims of false arrest "if he was

convicted of the offense for which he was arrested."  Cameron v. Fogarty, 806 F.2d 380, 386-388

(2d Cir.1986).  The United States Supreme Court has held that if "a criminal defendant has

solemnly admitted in open court that he is in fact guilty of the offense with which he is charged,

he may not thereafter raise independent claims relating to the deprivation of constitutional rights

that occurred prior to the entry of the guilty plea."  Tollett v. Henderson, 411 U.S. 258, 267

(1973).  The Second Circuit has held that a plaintiff cannot establish a false arrest or malicious

prosecution claim under section 1983 if he pleads guilty to the offense for which he was arrested.
See Maietta v. Artuz, 84 F.3d 100, 103 n.1 (2d Cir.1996) (citing Cameron, 806 F.2d at 386-89).

This court and other district courts in this circuit have held that a plea of guilty, even to a charge lesser than that for which the plaintiff was arrested, bars a section 1983 action for false arrest and false imprisonment.  See Johnston v. Town of Greece, 983 F. Supp. 348, 359-60 (W.D.N.Y. 1997) (arrestee's guilty plea to harassment charges barred him from bringing section1983 claim for malicious prosecution and false arrest); Roundtree v. City of New York, 778 F. Supp. 614, 619 (E.D.N.Y. 1991) (guilty plea to lesser charge of disorderly conduct, a violation, barred plaintiff's false arrest claim based on assault charge); Keyes v. City of Albany, 594 F. Supp. 1147, 1155 (N.D.N.Y. 1984) (plea to lesser charge barred false arrest claim under section 1983); Pouncy v. Ryan, 396 F. Supp. 126, 127 (D. Conn. 1975) (conviction by guilty plea on a lesser included offense of the one charged barred section 1983 action for false arrest and false imprisonment).

Here, Danielson was charged with Sexual Assault in the First Degree, Risk of Injury to a Minor, Assault in the Third Degree and Threatening and pleaded guilty to two counts of Assault in the Third Degree and one count of Threatening in the Second Degree.  Because he pleaded guilty to a lesser offense, he cannot now challenge his arrest on the sexual assault charge.  The motion for summary judgment is granted as to Danielson's false arrest claim.[3]

---

[3] Because the court has granted the motion for summary judgment on this ground, it need not address the defendants' remaining arguments.

Conclusion

The defendants' Motion for Summary Judgment [**doc. #11**] is **GRANTED**.  The Clerk is

directed to enter judgment and close this case.

**SO ORDERED** this 14th day of December 2005, at Bridgeport, Connecticut.

                                                        /s/ Stefan R. Underhill
                                                            Stefan R. Underhill
                                                            United States District Judge